**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

THELLO MAE SHINGLE, a/k/a Thello

No. 98-4600

Mae Moore, a/k/a Thella MM
Guinyard, a/k/a Thello MM
Abraham,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 98-4622

PHILLIP BOOKHARD,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-97-839)

Submitted: June 1, 1999

Decided: June 30, 1999

Before ERVIN and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph P. Strom, Jr., STROM & YOUNG, L.L.P., Columbia, South Carolina; John Allen O'Leary, O'LEARY ASSOCIATES, INC., Columbia, South Carolina, for Appellants. Cameron Glenn Chandler, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thello Mae Shingle pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 371 (West Supp. 1999). She was sentenced to forty-one months imprisonment followed by three years of supervised release. Phillip Bookhard pled guilty to another count of the same indictment--conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C.A. § 846 (West Supp. 1999). Bookhard was sentenced to 188 months imprisonment followed by five years of supervised release. Each appeals. Their attorneys have filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising some issues but stating that there are no meritorious issues for appeal. Bookhard has filed a pro se supplemental brief raising two other issues; Shingle has filed nothing, although informed of her right to file such a brief. After a thorough review of the records, we affirm the conviction and sentence of both Shingle and Bookhard.

Shingle alleges that she was entitled to a reduction in her base offense level for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1997). We conclude that the district court's ruling that Shingle's efforts in this regard were not timely is not clearly erroneous. United States v. Jones , 31 F.3d 1304, 1315 (4th Cir. 1994). Therefore, this claim lacks merit.

2

Bookhard seeks to challenge the amount of drugs for which he was held responsible at sentencing. However, Bookhard stipulated to this amount in his plea agreement, and such a stipulation satisfies the government's burden of proof. United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). Therefore, this allegation entitles him to no relief.

In his pro se brief, Bookhard asserts that his trial counsel was ineffective in allowing him to stipulate to the amount of drugs, and for failing to inform him that a prior conviction was part of this offense. Despite Bookhard's claims to the contrary, the record is not sufficiently developed to address these claims on direct appeal, as counsel has had no opportunity on the record to explain the reasons for his conduct. United States v. DeFusco, 949 F.2d 114, 118-19 (4th Cir. 1991). These claims should be raised in a motion for collateral relief under 28 U.S.C. § 2255 (West Supp. 1999). Id.

As required by Anders, we have independently reviewed the entire record in this case and find no reversible error. We therefore affirm the convictions and sentences. This court requires that counsel inform his client in writing of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

No. 98-4600 - AFFIRMED
No. 98-4622 - AFFIRMED